# IN THE CHANCERY COURT FOR SULLIVAN COUNTY, TENNESSEE

| | |
|---|---|
| JOHNSON & ASSOCIATES, LLC and<br>JOHNSON INDUSTRIAL, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>THE HANOVER INSURANCE GROUP,<br>INC., THE HANOVER AMERICAN<br>INSURANCE COMPANY, and BB&T<br>INSURANCE SERVICES, INC.,<br><br>    Defendants. | No. B0002494 (M) |

## SUMMONS

TO: The Hanover Insurance Group, Inc.

You are hereby summoned and required to serve upon Wayne A. Ritchie II, Plaintiff's attorney, whose address is 606 W. Main Avenue, Suite 300, Post Office Box 1126, Knoxville, TN 37901-1126, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this 19th day of December, 2014.

Katherine Priester
_____
Clerk & MASTER

_____
Deputy Clerk

**EXHIBIT A**

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be charged by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

The Hanover Insurance Group, Inc. can be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## RETURN

I received this summons on the ____ day of _____, 2014.

I hereby certify and return that on the ____ day of _____, 2014, I:

[ ] served this summons and a complaint on defendant in the following manner:

_____
_____
_____

[ ] failed to serve this summons within 30 days after its issuance because:

_____
_____
_____

_____
Process Server

| | |
|---|---|
| JOHNSON & ASSOCIATES, LLC and JOHNSON INDUSTRIAL, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. B0024946(M) |
| THE HANOVER INSURANCE GROUP, INC., THE HANOVER AMERICAN INSURANCE COMPANY, and BB&T INSURANCE SERVICES, INC., | )<br>)<br>)<br>)<br>) FILED 12/19, 2014 @ 1:10 a.m./p.m.<br>) Katherine Priester, Clerk & Master<br>) By: Mary B Masters |
| Defendants. | ) |

# COMPLAINT

Plaintiffs, by and through counsel, and for cause of action against Defendants state as follows:

## THE PARTIES

1. Plaintiff Johnson & Associates, LLC is a Virginia limited liability company doing business as Johnson Commercial Development ("Johnson Commercial") with its principal place of business at 148 Bristol East Road, Bristol, Virginia 24201.

2. Plaintiff Johnson Industrial, LLC ("Johnson Industrial") is a Tennessee limited liability company with its principal place of business at 601 State Street, 6th Floor, Bristol, Virginia 24201.

3. On information and belief, Defendant The Hanover Insurance Group, Inc. ("Hanover Group") is a foreign corporation organized pursuant to the laws of Delaware with a principal place of business at 440 Lincoln Street, Worcester, Massachusetts 01653, and may be

served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. On information and belief, Defendant The Hanover American Insurance Company ("Hanover American") is a foreign corporation organized pursuant to the laws of New Hampshire with a principal place of business at 440 Lincoln Street, Worcester, Massachusetts 01653 and is licensed by the Tennessee Department of Commerce and Insurance to issue commercial property insurance policies in the State of Tennessee.

5. On information and belief, Defendant BB&T Insurance Services, Inc. ("BB&T Insurance") and/or its assumed name "BB&T – KDC Insurance" is a foreign corporation organized pursuant to the laws of North Carolina with a principal place of business at 3605 Glenwood Avenue, Raleigh, North Carolina 27612 and may be served in Tennessee through its registered agent C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this Court because Sullivan County is the county where the loss at issue occurred and where this cause of action arose.

## FACTS

7. Plaintiff Johnson Commercial is a full-service real estate development and management company based in Bristol, Virginia.

8. Plaintiff Johnson Industrial owns a warehouse located at 212 Industrial Drive, Bristol, Tennessee 37620 (the "Covered Property").

9. Plaintiffs are engaged in the business of leasing certain of their properties, including the Covered Property.

2

10. At all times relevant to this Complaint, the Covered Property was vacant.

11. At all times relevant to this Complaint, Defendants Hanover Group and/or Hanover American (collectively the "Hanover Defendants") were aware of the vacant status of the Covered Property.

12. At all times relevant to this Complaint, Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, was aware of the vacant status of the Covered Property.

13. Plaintiffs, through their insurance agent David Hyde ("Mr. Hyde") of Hyde & O'Dell Insurance Services, Inc. ("Hyde & O'Dell"), sought to obtain a full coverage commercial policy insuring the Covered Property against, among other risks, the risk of theft.

14. On information and belief, Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, was at all times relevant to this Complaint acting, whether expressly or by implication, as (a) an agent and/or broker for Plaintiffs and/or Plaintiffs' agent(s) and/or broker(s); (b) an agent and/or broker for the Hanover Defendants; or (c) an agent and/or broker for both Plaintiffs and/or their agent(s) and/or broker(s) and the Hanover Defendants.

15. On information and belief, on or about late August or early September 2012, Mr. Hyde communicated Plaintiffs' full coverage commercial insurance requirements to Defendants and/or Defendants' agents and requested quotes therefrom.

16. On or about October 11, 2012, Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, transmitted to Mr. Hyde via e-mail an "Insurance Proposal" for the period 2012-2013 and represented the same as a "summary for [Mr. Hyde] to use with the insured [Plaintiffs]."

17. Defendant BB&T Insurance's Insurance Proposal represented a quote for insurance coverage through the Hanover Defendants.

3

18. The Defendants' Insurance Proposal acknowledged that the Hanover Defendants were aware of the vacant status of the Covered Property.

19. The Defendants' Insurance Proposal represented that the Covered Property would be insured for its "Actual Cash Value," which it estimated at $12,413,775, through a "Special Form Including Theft" with a deductible of $10,000.

20. Plaintiffs subsequently purchased a Commercial Line Policy of insurance identified by Policy Number ZZ5 9796732 06 (the "Policy") from the Hanover Defendants through Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance.

21. The Policy was issued to Plaintiff Johnson Commercial as Named Insured with Plaintiff Johnson Industrial as an Additional Named Insured.

22. The Policy recited that the Covered Property was insured, that it was vacant, that the "limit of insurance" was $12,945,622, and that the "theft deductible" was $10,000.

23. At all times relevant to this Complaint, the Policy's premiums were paid by or on behalf of Plaintiffs.

24. On information and belief, the Policy's coverage period began at 12:01 a.m. Eastern Time on October 19, 2012, and continued through October 19, 2013.

25. The Policy was in effect on September 12, 2013.

26. On September 12, 2013, law enforcement personnel with the Bristol Police Department responded to a burglary/breaking and entering at the Covered Property.

27. As a result of the same burglary/breaking and entering, the Covered Property suffered significant damage (the "loss").

28. The cost to repair the Covered Property has been estimated at no less than $937,670.

29. Plaintiffs promptly gave notice to Defendants of the loss, timely filed a claim for the loss with Defendants, and satisfied all other conditions precedent to obtaining the reimbursement to which they are entitled pursuant to the Policy.

30. By correspondence dated May 1, 2014, the Hanover Defendants improperly and in violation of the Policy asserted to Plaintiffs "that no coverage exists for the loss" to the Covered Property due its vacant status and denied Plaintiffs' claim.

## CAUSES OF ACTION

### I. <u>Declaratory Relief and Specific Performance</u> (as to the Hanover Defendants)

31. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as if more fully set forth herein.

32. Pursuant to T.C.A. § 29-14-101 *et seq.* and Rule 57 of the Tennessee Rules of Civil Procedure, Plaintiffs request this Honorable Court provide a declaratory judgment declaring that the Policy does, in fact, cover the claim made and that coverage is owed under the circumstances set forth herein.

33. Plaintiffs further request that this Court enforce said declaratory judgment through an order directing Defendants to fulfill all obligations to Plaintiffs under the Policy, including but not limited to paying for the costs of repair and any and all related necessary costs.

### II. <u>Alternative Declaratory Relief and Specific Performance</u> (as to the Hanover Defendants)

34. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as if more fully set forth herein.

35. In the alternative to the First Count, *supra*, and in the unlikely event that this Court finds that the Policy does not insure the Covered Property against theft, then, pursuant to

T.C.A. § 29-14-101 *et seq.* and Rule 57 of the Tennessee Rules of Civil Procedure, Plaintiffs request this Honorable Court provide a declaratory judgment declaring that the Hanover Defendants are obligated to reimburse Plaintiffs in connection with their claim for the loss as if such Policy and coverage had been issued as requested.

36. Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, was acting as the agent, whether express or implied, of the Hanover Defendants when Defendant BB&T Insurance agreed to procure the policy and coverage requested by Plaintiffs.

37. The Hanover Defendants, as principal(s), are bound by the acts, omissions, and representations of its agent Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance.

38. Plaintiffs relied on the representations and conduct of Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, with respect to the procurement of the policy and coverage requested.

39. Plaintiffs have been injured as a result of that reliance.

40. The Hanover Defendants are thus obligated to reimburse Plaintiffs in connection with their claim for the loss as if such policy and coverage had been issued as requested.

41. Plaintiffs further request that this Court enforce said alternative declaratory judgment through an order directing Defendants to fulfill all obligations to Plaintiffs under the Policy, including but not limited to paying for the costs of repair and any and all related necessary costs.

III. **Breach of Contract** (as to the Hanover Defendants)

42. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as if more fully set forth herein.

43. The Policy entered into between Plaintiffs and the Hanover Defendants is an enforceable contract.

44. Plaintiffs and/or Plaintiffs' agents had paid all premiums due at the time of the loss.

45. The Policy was in effect at the time of the loss.

46. The Hanover Defendants have failed to pay any amount toward the loss.

47. The Hanover Defendants' nonperformance of their agreement to insure the Covered Property against theft is a material breach of the contract.

48. The Hanover Defendants' breach of the contract has caused damages to the detriment of Plaintiffs.

**IV.** **Failure to Procure Insurance** (as to Defendant BB&T Insurance)

49. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as if more fully set forth herein.

50. In the unlikely event that this Court finds that the Policy does not insure the Covered Property against theft, then Plaintiffs are entitled to recover from Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, for failure to procure insurance.

51. Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, entered into an undertaking or agreement with Plaintiffs and/or Plaintiffs' agent(s) or broker(s) to procure a policy of full coverage commercial insurance insuring the Covered Property against, among other risks, the risk of theft.

52. Defendant BB&T Insurance failed to use reasonable diligence in attempting to place Plaintiffs' requested insurance and/or failed to notify Plaintiffs promptly of any such failure.

7

53. Defendant BB&T Insurance's actions warranted Plaintiffs' assumption that their Covered Property were properly insured against the risk of theft.

54. Defendant BB&T Insurance's failure to procure the requested insurance coverage has caused damages to the detriment of Plaintiffs.

## V. Negligence (as to Defendant BB&T Insurance)

55. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 30 as if more fully set forth herein.

56. In the unlikely event that this Court finds that the Policy does not insure the Covered Property against theft, then Plaintiffs are entitled to recover from Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, for negligence.

57. Defendant BB&T Insurance, under its assumed name BB&T – KDC Insurance, was under a duty to procure the full coverage commercial insurance policy insuring the Covered Property against, among other risks, the risk of theft, as requested by Plaintiffs.

58. Defendant BB&T Insurance failed to procure the coverage requested and has thereby breached the standard of care required of persons and entities in Defendant's industry.

59. But for Defendant BB&T Insurance's breach of its duty to Plaintiffs, Plaintiffs' claim for loss would not have been denied.

60. As a result of Defendant BB&T Insurance's breach of its duty, Plaintiffs have been injured.

## DAMAGES

61. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 60 as if more fully set forth herein.

8

62. As a result of Defendants' wrongful conduct, Plaintiffs have suffered damages in an amount not less than the cost of repairing the Covered Property, which, on information and belief, is at least approximately $937,670.

63. Further, as a result of Defendants' wrongful conduct, Plaintiffs have suffered losses in their impaired ability to sell and/or lease the Covered Property and other consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray the Court as follows:

A. That this Complaint be received and filed, and that proper process issue and be served upon Defendants requiring them to answer within the time and manner prescribed by Tennessee law;

B. That this Court declare Plaintiffs' rights pursuant to the Policy and that Plaintiffs have a Declaratory Judgment as delineated above;

C. That Plaintiffs have and recover a judgment of and from Defendants providing for the restitution of the full amount of Plaintiffs' compensatory damages in the amount that the Court finds to be appropriate and just based on the proof and the applicable law, plus accrued interest at the rate of ten percent (10%) per annum, in a total amount not less than $1,000,000 and not more than $1,500,000, subject to revision as additional information becomes available;

D. That the costs of this action be taxed to Defendants;

E. That all costs and expenses incurred pursuant to Tennessee Rule of Civil Procedure 54.04 and any other costs allowable by statute, rule of court, common law, or contract, including but not limited to reasonable attorneys' fees, be charged to Defendants;

F. That any expert fees and costs incurred in this litigation be charged to Defendants;

9

G. That Plaintiffs have any and all other and further general relief as this Court deems appropriate and to which Plaintiffs may prove entitled.

Respectfully submitted this 18th day of December, 2014.

By: _____
WAYNE A. RITCHIE II, BPR No. 013936
GEORGE C. SHIELDS II, BPR No. 033537
**RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.**
606 W. Main Street, Suite 300
Post Office Box 1126
Knoxville, Tennessee 37901-1126
Phone: (865) 637-0661
Fax: (865) 524-4623
E-mail: war@rddjlaw.com
*Attorneys for Plaintiffs*

### COST BOND

We acknowledge ourselves as surety for all costs of the Court in accordance with T.C.A. § 20-12-120.

_____
WAYNE A. RITCHIE II