IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHNSON & ASSOCIATES, LLC and JOHNSON INDUSTRIAL, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:15-CV-36 ) |
| THE HANOVER INSURANCE GROUP, INC., THE HANOVER AMERICAN INSURANCE COMPANY, BB&T INSURANCE SERVICES, INC., HYDE & O'DELL INSURANCE SERVICES, INC., and DAVID HYDE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I.     Introduction**

This matter is before the Court upon Plaintiffs' motion to remand the case to the Chancery Court for Sullivan County, Tennessee, where the case was originally filed. [Doc. 23]. For the reasons set forth herein, the Court will grant the motion and will remand this matter to Sullivan County Chancery Court.

**II.     Background**

**A.     Factual Background**

The instant civil action arises from the denial of insurance coverage by Hanover Group and the Hanover American Insurance Company (collectively "Hanover") for damages arising from theft at Plaintiffs' vacant property in Bristol, Tennessee. Plaintiffs entered into an agreement with Defendants Hyde & O'Dell Insurance Services, Inc. ("Hyde & O'Dell") and Mr.

Hyde to procure a full coverage commercial insurance policy. Hyde & O'Dell and Mr. Hyde procured the requested insurance through Defendant BB&T Insurance Services, Inc. ("BB&T") from Hanover.

In September 2013, the Bristol, Tennessee property was burgled and suffered significant damage, alleged to be approximately $937,670. Plaintiffs allege that they satisfied all conditions precedent to obtaining the reimbursement pursuant to their insurance policy. Hanover refused to provide reimbursement due to the insurance policy at issue not covering the risk of loss arising from theft of a vacant building, and Plaintiffs have filed this lawsuit. The Defendants' answers and discovery responses have since revealed that Hyde & O'Dell and Mr. Hyde may be responsible for the lack of insurance coverage.

**B.      Procedural History**

Plaintiffs filed this action in Chancery Court for Sullivan County, Tennessee. [Doc. 1-1]. BB&T consented to removal, and Hanover timely filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Docs. 1, 1-2]. In March of 2015, Defendants BB&T and Hanover American Insurance Company answered the complaint, while Hanover Group filed a Rule 12(b)(6) Motion to Dismiss. [Docs. 5, 6, 7]. On July 13, 2015, Plaintiffs filed an unopposed Motion to Amend the Complaint. [Doc. 18]. In their Motion to Amend, Plaintiffs explained that Defendants' answers and discovery responses implicated additional defendants. [Doc. 18]. The motion to amend was granted, [Doc. 19], and, after filing an amended complaint that named Hyde & O'Dell and Mr. Hyde, Plaintiffs have filed this unopposed Motion to Remand. [Doc. 22].

### III. Analysis

Plaintiffs request that this Court remand the case to Chancery Court for Sullivan County, Tennessee, and Defendants do not oppose the request. Title 28 U.S.C. § 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2012). Diversity subject matter jurisdiction upon which this case rests requires complete diversity of citizenship. 28 U.S.C. § 1332(a) (2012). A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. 1332(c)(1) (2012).

Here, the Court has permitted the unopposed joinder of additional defendants. The additional defendants, Hyde & O'Dell, a Tennessee corporation and Mr. Hyde, a resident of Tennessee, are citizens of Tennessee. Plaintiff Johnson Industrial, LLC, is a Tennessee limited liability company. Further destroying complete diversity, Hyde & O'Dell's principal place of business is in Bristol, Virginia where Plaintiff Johnson & Associates, LLC, is incorporated and Plaintiff Johnson Industrial, LLC, has its principal place of business. Thus, because the additional parties' joinder destroys subject matter jurisdiction and the Court has permitted joinder, the Court must now remand the action from whence it came pursuant to 28 U.S.C. § 1447(e).

### IV. Conclusion

For the foregoing reasons, Plaintiffs' unopposed Motion to Remand is **GRANTED,** and this case is **REMANDED** to the Chancery Court for Sullivan County, Tennessee.

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE